UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MELVIN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| NEIL'S FOODS, INC., and NIDAL NASRAWI, individually, | ) ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff Melvin Williams, through his attorneys, for his Complaint against Neil's Foods, Inc., and Nidal Nasrawi (collectively "Defendants"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law (IMWL), 820 ILCS § 105/1, *et seq.*, for Defendants' failure to pay Plaintiff earned minimum wages and overtime pay.

2. Defendants operate a grocery store in Chicago, Illinois. Plaintiff worked for Defendants as a butcher.

3. During the prior three (3) years, Defendants paid Plaintiff wages in an amount less than the minimum wage.

4. Defendants also failed to pay Plaintiff overtime wages for the time he worked in excess of forty (40) hours in one or more individual workweeks in the last three (3) years.

**THE PARTIES**

5. Plaintiff resides in and is domiciled in this judicial district.

6. Defendant Neil's Foods, Inc., is an entity incorporated in Illinois. It operates a grocery store located in Chicago, Illinois.

7. At all times relevant hereto, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. §203(e), and the IMWL, 820 ILCS 105/3(d).

8. Plaintiff was not exempt from the minimum wage and overtime provisions of the FLSA and the IMWL.

9. At all times relevant hereto, Defendant Neil's Foods, Inc., was Plaintiff's "employer" as that term is defined in the FLSA, 29 U.S.C. §203(d), and the IMWL, 820 ILCS 105/3(c).

10. Defendant Neil's Foods, Inc., is an "enterprise" as defined by the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1).

11. Defendants' annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes, throughout the relevant period, pursuant to 29 U.S.C. §203(s)(1)(A)(ii).

12. During the course of his employment by Defendants, Plaintiff handled goods, including perishable produce and other food products that moved in interstate commerce.

13. Defendant Nidal Nasrawi is the President of Defendant Neil's Foods, Inc. Defendant Nidal Nasrawi is involved in the day to day business operations of Neil's Foods, Inc. Among other things, Defendant Nidal Nasrawi has the authority to hire and fire employees, to direct and supervise the work of the employees, sign employee paychecks, and participate in decisions regarding employee compensation and capital expenditures.

14. Defendant Nidal Naswari was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(c).

**JURISDICTION AND VENUE**

15. This Court has original jurisdiction over Plaintiff's FLSA claims under 29 U.S.C. § 1331.

16. This Court has supplemental jurisdiction over Plaintiff's IMWL claims under 28 U.S.C. § 1367(a).

17. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b).

**COUNT I**
**Violation of the Fair Labor Standards Act – Minimum Wages**

Plaintiff hereby realleges and incorporates the above paragraphs of this Complaint, as if fully set forth herein.

18. This count arises from Defendants' violation of the FLSA, 29 U.S.C. § 201, *et seq.*, for their failure to pay Plaintiff earned minimum wages.

19. Defendants failed to pay Plaintiff in accordance with the minimum wage provisions of the FLSA. 29 U.S.C. § 206.

20. In one or more individual workweeks during the last three (3) years, Defendants paid Plaintiff at a rate less than the minimum wage.

21. Defendants' violation of the minimum wage requirements of FLSA was willful.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Judgment in the amount of the owed minimum wages for all time worked by Plaintiff during the last three (3) years;

B. Liquidated damages in an amount equal to the amount of unpaid minimum wages

    pursuant to 29 U.S.C. § 216(b);

C. Reasonable attorneys' fees and costs incurred in filing this action;

D. An award of pre-judgment interest to the extent liquidated damages are not awarded;

E. An award of post-judgment interest, as provided by 28 U.S.C. § 1961; and

F. Such other and further relief as this Court deems just and proper.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Minimum Wages

Plaintiff hereby realleges and incorporates the above paragraphs of this Complaint, as if fully set forth herein.

22. This count arises from Defendants' violation of the IMWL, 820 ILCS § 105/1, *et seq*., for their failure to pay Plaintiff earned minimum wages.

23. Defendants failed to pay Plaintiff in accordance with the minimum wage provisions of the IMWL. 820 ILCS § 105/4.

24. In one or more individual workweeks during the last three (3) years, Defendants paid Plaintiff at a rate less than the minimum wage.

25. Pursuant to 820 ILCS § 105/12(a), Plaintiff is entitled to recover unpaid minimum wages for three years prior to the filing of this lawsuit, plus punitive damages in the amount of two percent per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Judgment in the amount of all back wages due as provided by the IMWL;

B. Prejudgment interest on those back wages in accordance with 815 ILCS § 205/2 and punitive damages pursuant to the formula set out in 820 ILCS § 105/12(a);

C. Reasonable attorneys' fees and costs incurred in the filing of this action; and

D.      Such other and further relief as this Court deems just and proper.

## COUNT III
### Violation of the Fair Labor Standards Act – Overtime Wages

Plaintiff hereby realleges and incorporates the above paragraphs of this Complaint, as if fully set forth herein.

26.      This count arises from Defendants' willful violation of the FLSA, 29 U.S.C. § 201, *et seq.*, for their failure to pay Plaintiff his earned overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

27.      In one or more individual workweeks during the last three years, Defendants required Plaintiff to work in excess of forty (40) hours.

28.      Pursuant to 29 U.S.C. § 207, Plaintiff was entitled to compensation at a rate of at least one and one-half times the minimum wage rate for all time worked in excess of forty (40) hours in individual workweeks.

29.      In one or more individual workweeks in the prior three (3) years, Defendants failed to pay Plaintiff at a rate of one and one-half times the minimum wage rate for all time worked in excess of forty (40) hours per week.

30.      Defendants' failure to pay Plaintiff overtime wages was a violation of the FLSA, 29 U.S.C. § 207.

31.      Defendants' violation of the overtime provisions of the FLSA was willful.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Judgment in the amount of one and one-half times the minimum wage rate for all time worked in excess of forty (40) hours in individual workweeks during the last three (3) years;

B. Liquidated damages in an amount equal to the amount of all unpaid overtime compensation due pursuant to 29 U.S.C. § 216(b);

C. Reasonable attorneys' fees and costs incurred in filing this action;

D. An award of pre-judgment interest to the extent liquidated damages are not awarded;

E. An award of post-judgment interest, as provided by 28 U.S.C. § 1961; and

F. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Minimum Wage Law – Overtime Wages

Plaintiff hereby realleges and incorporates the above paragraphs of this Complaint, as if fully set forth herein.

32. This Count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/4a.

33. Pursuant to the IMWL, Plaintiff was entitled to be paid at least one and one-half times the minimum wage rate for all time worked in excess of forty (40) hours in individual workweeks. 820 ILCS § 105/4a.

34. In one or more individual work weeks in the prior three (3) years, Defendants required Plaintiff to work in excess of forty (40) hours in individual workweeks.

35. Defendants failed to pay Plaintiff one and one-half times the minimum wage rate for all time worked in excess of forty (40) hours in one or more individual work weeks in the last three (3) years.

36. Defendants violated the IMWL by failing to compensate Plaintiff at one and one-half times the minimum wage rate for all time worked in excess of forty (40) hours in individual workweeks.

37. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for the three years prior to filing this lawsuit, plus punitive damages in the amount of two percent per month of the amount of the underpayments.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Judgment in the amount of one and one-half times the minimum wage rate for all hours Plaintiff worked in excess of forty (40) in individual workweeks during the last three (3) years;

B. Prejudgment interest on the back wages in accordance with 815 ILCS § 205/2, and punitive damages pursuant to the formula set forth in the IMWL, 820 ILCS § 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action;

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: March 19, 2013

s/Douglas M. Werman
DOUGLAS M. WERMAN - dwerman@flsalaw.com
MAUREEN A. SALAS - msalas@flsalaw.com
DAVID E. STEVENS - dstevens@flsalaw.com
SARAH J. ARENDT - sarendt@flsalaw.com
Werman Law Office, P.C.
77 W. Washington, Suite 1402
Chicago, IL 60602
312-419-1008

Attorneys for Plaintiff