IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELVIN WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 13 CV 2108 |
| | ) |
| v. | ) Hon. Charles R. Norgle |
| | ) |
| NEIL'S FOODS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Motion to Vacate Order of Default [22] is denied.

## STATEMENT

     Before the Court is Defendants Neil's Foods, Inc. and Nidal Nasrawi's ("Nasrawi") (collectively, "Defendants") motion to vacate the Court's September 13, 2013 Order of Default pursuant to Federal Rule of Civil Procedure 60. For the following reasons, the motion is denied.

     "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P 55(a). While Rule 55(a) specifically refers to entry of default by the clerk, "it is well-established that a default also may be entered by the court." Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc., 687 F.2d 182, 185 (7th Cir. 1982) (citations omitted). Under Rule 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Although Defendants seek relief under Rule 60(b), the Court notes that a final judgment, entered pursuant to Rule 58, has not been entered in this case.

     To vacate an entry of default prior to the entry of final judgment, Defendants must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." Cracco v. Vitran Express, Inc., 559 F.3d 625, 630-31 (7th Cir. 2009) (internal quotation marks and citation omitted). Failing to make any one of these showings warrants denial of the motion to vacate. Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc., 28 F.3d 42, 46-47 (7th Cir. 1994); see also Sun v. Bd. of Trs. of the Univ. of Ill., 473 F.3d 799, 811 (7th Cir. 2007).

     Here, Defendants fail to meet all three requirements. Defendants' answer to Plaintiff Melvin Williams' ("Plaintiff") complaint for failure to pay earned minimum wages and overtime pay pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1, et seq. was due on June 25, 2013. However, Defendants failed to answer the complaint. At the September 13, 2013 hearing on Plaintiff's motion for default, Defendants' counsel appeared (without having filed his appearance in the case or informing the Court that he was unable to appear on Defendants' behalf), and requested

an additional twenty-one days to answer or otherwise plead. The Court granted Defendants until August 2, 2013 to do so. Yet again, Defendants failed to answer or otherwise plead. The matter was set for status on September 13, 2013, at which time the Court granted Plaintiff's renewed motion for default. There had been no communication with the Court and no pleadings filed on behalf of Defendants for more than three months, and eleven weeks after Defendants were ordered to answer or otherwise plead. It was not until the October 18, 2013 prove-up hearing that counsel for Defendants sought to file his appearance and told the Court that Defendants' failure to answer or otherwise plead was due to "excusable neglect." On November 22, 2013, Defendants filed the instant motion, seeking to vacate the Court's September 13, 2013 Order of Default.

In their threadbare, seven paragraph motion—unsupported by a memorandum of law—Defendants claim that they were unable to "communicate effectively" with their attorney prior to the Court's entry of default because Nasrawi was out of the country; and, as a result "counsel for Defendants was not authorized to appear on Defendants' behalf." Mot. to Vacate Order of Default ¶¶ 2-3. However, "[m]ere lack of communication does not excuse compliance with the rules, or from the penalties for failing to do so." Pretzel & Stouffer, Chartered, 28 F.3d at 45. Additionally, moving to set aside the Order of Default sixteen weeks after the entry simply does not constitute quick action. See Zuelzke v. Tool & Eng'g Co. v. Anderson Die Castings, Inc., 925 F.2d 226, 230 (7th Cir. 1991) (opining that the delay of taking formal action for four months after the entry of default judgment "could hardly be described as prompt"). Finally, Defendants make a single conclusory assertion that they have a meritorious defense. "[S]uch a general denial of the complaint's allegations, without any factual support, is insufficient to state a meritorious defense." Wehrs v. Wells, 688 F.3d 886, 891 (7th Cir. 2012) (citations omitted). Accordingly, the motion is denied.

IT IS SO ORDERED.

ENTER:

_[signature]_
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: December 19, 2013

2